R.J. Coughlan, Jr. (SBN 91711)
Email: rcoughlan@csllaw.com
COUGHLAN SEMMER & LIPMAN, LLP
501 West Broadway, Suite 400
San Diego, California 92101
Telephone:    (619) 232-0800
Facsimile:    (619) 232-0107

Robert Mattson (*admitted pro hac vice*)
Email: rmattson@oblon.com
OBLON SPIVAK MCCLELLAND
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
Telephone:    (703) 413-3000
Facsimile:    (703) 413-2220

Attorneys for Defendant
TANDBERG, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>TANDBERG, INC.,<br><br>        Defendant. | Case No. 09 CV 1377 H (CAB)<br><br>**TANDBERG INC.'S ANSWER TO MULTIMEDIA PATENT TRUST'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Marilyn L. Huff<br>Courtroom 13 |

## **ANSWER**

Defendant Tandberg, Inc. ("Tandberg") answers as follows, in response to the Complaint of Multimedia Patent Trust ("MPT"):

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

1      4. Denied with respect to Tandberg's products used or manufactured by or for the United States; otherwise, admitted. *See* 28 USC § 1498(a).

5. Denied with respect to items (i) and (ii); otherwise, admitted.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Tandberg denies that the '226 patent duly and legally issued; otherwise, admitted.

13. Tandberg denies that the '878 patent duly and legally issued; Tandberg denies that the '878 patent's Certificate of Correction duly and legally issued; otherwise, admitted.

14. Tandberg denies that the '678 patent duly and legally issued; Tandberg denies that the '678 patent's Certificate of Correction duly and legally issued; otherwise, admitted.

15. Tandberg denies that the '377 patent duly and legally issued; otherwise admitted.

16. Denied.

17. Denied.

18. Tandberg incorporates by reference its responses to paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

///

///

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 USC §§ 102, 103, 112, and 132 and the rules, regulations, and laws pertaining thereto.

### Second Affirmative Defense

On information and belief, MPT is barred by the doctrines of exhaustion and/or implied or express license from enforcing the Patents-in-Suit against Tandberg.

### Third Affirmative Defense

MPT is barred or limited by the doctrine of laches from enforcing some or all of the asserted claims of the Patents-in-Suit against Tandberg.

### Fourth Affirmative Defense

MPT is barred or limited by the doctrine of equitable estoppel from enforcing some or all of the asserted claims of the Patents-in-Suit against Tandberg.

### Fifth Affirmative Defense

MPT's requested remedies against Tandberg are limited by the provisions of 28 USC § 1498(a).

### Sixth Affirmative Defense

On information and belief, as a condition of its participation in MPEG LA, MPT, its predecessors-in-interest, and/or its beneficiaries agreed to license some or all of the Patents-in-Suit on Reasonable and Nondiscriminatory (RAND) terms. MPT's damages are limited by that agreement.

### Seventh Affirmative Defense

Through the conduct of MPT, its predecessors-in-interest, and/or its beneficiaries during meetings of standards-setting organizations, MPT has waived its right to assert one or more of the Patents-in-Suit.

///

///

**Eighth Affirmative Defense**

MPT's claims are barred by the doctrine of unclean hands. Tandberg incorporates and realleges Paragraphs 30 and 31 as though set forth in full herein.

**Ninth Affirmative Defense**

Tandberg expressly reserves the right to allege and assert additional defenses.

**REQUEST FOR RELIEF**

Wherefore, Tandberg asks the court for judgment as follows:

A. That MPT takes nothing by its Complaint, and that the Complaint be dismissed by the prejudice.

B. That the patents-in-suit be adjudged invalid and not infringed by Tandberg;

C. That judgment be entered for Tandberg and against MPT and that this be adjudged an exceptional case and Tandberg be awarded its costs and attorneys fees under 35 USC § 285; and

D. For other relief as the Court determines to be just and equitable.

**JURY DEMAND**

Tandberg demands a trial by jury on all issues so triable.

Dated: July 16, 2009              COUGHLAN SEMMER & LIPMAN, LLP


                                  By:   *s/ R.J. Coughlan, Jr.*
                                        R.J. Coughlan, Jr.


                                  OBLON SPIVAK MCCLELLAND MAIER & NEUSTADT, P.C.
                                  By:   Robert Mattson (*pro hac vice*)

                                  Attorneys for Defendant TANDBERG, INC.

Tandberg, Inc.'s Answer to Multimedia Patent Trust's Complaint

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing **TANDBERG INC.'S ANSWER TO MULTIMEDIA PATENT TRUST'S COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>John S. Kyle, Esq.
>Cooley Godward Kronish LLP
>4401 Eastgate Mall
>San Diego, CA  92121
>Telephone:	858-550-6000
>Facsimile:	858-550-6420
>Email:	jkyle@cooley.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

San Diego, California, July 16, 2009.

>*s/ R.J. Coughlan, Jr.*
>R.J. Coughlan, Jr.