1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  MULTIMEDIA PATENT TRUST,                          **CASE NO. 09-CV-1377 H (CAB)**

12                              Plaintiff,             **ORDER GRANTING**
                                                      **DEFENDANT'S MOTION TO**
13          vs.                                        **DISMISS**

    TANDBERG, INC.,
14
                              Defendant.
15

16          On July 6, 2009, Defendant Tandberg filed a motion to dismiss this action in light of

17  its earlier-filed action in the District of Delaware, or to transfer this case to the District of

18  Delaware.  (Doc. No. 9.)  On July 20, 2009, Plaintiff MPT filed an opposition to Defendant's

19  motion to dismiss.  (Doc. No. 16.)  On July 27, 2009, Defendant filed a reply in support of its

20  motion to dismiss.  (Doc. No. 18.)  On August 3, 2009, the Court heard oral argument on

21  Defendant's motion to dismiss or transfer.  Frank Pietrantonio appeared on behalf of the

22  Plaintiff.  Raymond Coughlan and Robert Mattson appeared on behalf of the Defendant.  For

23  the following reasons, the Court grants Defendant's motion and dismisses this action without

24  prejudice.

25                                          **Background**

26          This is a patent infringement action brought by Plaintiff Multimedia Patent Trust

27  ("MPT").  Plaintiff's Complaint alleges causes of action for infringement of U.S. Patent Nos.

28  4,958,226 ("the '226 Patent"), 5,227,878 ("the '878 Patent"), 5,500,678 ("the '678 Patent"),

and 5,136,377 ("the '377 Patent").  (Compl. ¶¶ 12-20.)  Plaintiff filed its Complaint on June 25, 2009.  (Doc. No. 1.)

Two days earlier, on June 23, 2009, Defendant Tandberg filed a complaint against MPT in the United States District Court for the District of Delaware seeking declaratory judgment of non-infringement or invalidity as to each of the patents in suit here, as well as an additional patent, No. 5,563,593.  (Coughlan Decl. ISO MTD ["Coughlan Decl."] Ex. A.)

Plaintiff Multimedia Patent Trust is a Delaware statutory trust under the Delaware Statutory Trust Act.  Defendant Tandberg is a Delaware corporation with its principal place of business in Reston, Virginia.  (Peri Decl. ISO MTD ¶ 2.)  Defendant is a wholly owned subsidiary of Tandberg ASA – a company headquartered in New York and Norway that designs and produces video conferencing products.  (Id. ¶¶ 2-4.)

Defendant seeks dismissal of this action or transfer to the District of Delaware, relying on the "first to file" rule and the convenience factors of 28 U.S.C. § 1404(a).  Plaintiff opposes dismissal and transfer, arguing that convenience and judicial efficiency warrant the Court's retention of this case.

**Discussion**

**I.      The First-to-File Rule**

Generally, under the first-to-file rule, when cases involving the same parties and issues are filed in two different districts, the court with the later-filed action has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.  Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).  "The first-to-file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly."  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quotation omitted).  "While no precise rule has evolved, the general principle is to avoid duplicative litigation, and to promote judicial efficiency."  Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir. 2000) (quotation omitted).

///

///

In the patent context, even where the alleged infringer acts first, the Federal Circuit observes the first-to-file rule, holding that "[t]he general rule favors the forum of the first-filed action." Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 904 (Fed. Cir. 2008) (citing Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993)).  In this case, it is undisputed that Tandberg filed its Delaware complaint for declaratory judgment before MPT filed its complaint for infringement in this Court.  (Coughlan Decl. Ex. A.)  Additionally, the two cases involve the same parties, and the patents in suit in this action are also contested in the Delaware action.  (Id.)

The fact that Tandberg's complaint was for declaratory judgment does not substantially weaken its argument.  The Federal Circuit generally gives priority to the oldest case "whether or not it is a declaratory judgment action."  Micron Tech., 518 F.3d at 904.  Stressing this point, the Micron Tech. court stated that "the considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action."  Id.  This is especially true following the Supreme Court's ruling in MedImmune Inc. v. Genentech Inc., 549 U.S. 118 (2007).  Before MedImmune, the Federal Circuit applied the "reasonable apprehension of imminent suit" test to determine subject matter jurisdiction over declaratory judgments.  Id. at 132 n.11.  However, the Supreme Court criticized that test and held that an accused infringer need not have a reasonable apprehension of suit by the patentee in order to maintain a preemptive declaratory judgment action.  Id.; Micron Tech., 518 F.3d at 900-01.  The MedImmune holding increases the likelihood of jurisdiction for declaratory judgment filers and provides potential defendants with "greater opportunity to race to the courthouse to seek a forum more convenient and amenable to their legal interests."  Micron Tech., 518 F.3d at 904.  Patentees have the same opportunity, and neither the Supreme Court nor the Federal Circuit has held that such a race necessarily creates an exception to the first-to-file rule.

The Court recognizes that it is improper to "automatically go[] with the first filed action" and acknowledges its "discretion to make exceptions to this general rule in the interest of justice or expediency, as in any issue of choice of forum."  Micron Tech., 518 F.3d at 904.

Thus, the Court examines the convenience factors under 28 U.S.C. § 1404(a) and concludes for the following reasons that these considerations do not warrant an exception to the first-to-file rule.  See Id. ("[T]he trial court weighing jurisdiction additionally must consider the real underlying dispute: the convenience and suitability of competing forums.  In sum, the trial court must weigh the factors used in a transfer analysis as for any other transfer motion.").

## II.     Convenience Factors Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404, a district court "may transfer any civil action to any other district or division where it might have been brought" "for the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).[1]  This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  Similarly, the Ninth Circuit recognizes that the "[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."  Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988) (quotation marks omitted).  Defendant, as the moving party, carries the burden of showing that transfer is warranted.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

District courts apply the law of the circuits in which they sit when deciding whether to transfer a patent case under Section 1404, although the Federal Circuit has jurisdiction over patent case appeals.  See In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying Fifth Circuit law in assessing a Texas district court's decision on a motion to transfer patent suit).  In deciding whether to transfer a case under Section 1404(a), Ninth Circuit courts consider factors including: (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, (3)  the respective parties' contacts with the

---

[1]  Plaintiff does not contest that this action could have been brought in the District of Delaware.  As any federal court has subject matter jurisdiction to hear a patent infringement suit and the Defendant is incorporated in that district, the Court concludes that the case could have been brought there and focuses on whether relevant factors warrant transfer.

1    forum, (4) the availability of compulsory process to compel attendance of unwilling non-party

2    witnesses, (5) the differences in the costs of litigation in the two forums, (6) the ease of access

3    to sources of proof, (7) the location where the relevant agreements were negotiated and

4    executed, and (8) the state that is most familiar with the governing law.  Jones v. GNC

5    Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  The Federal Circuit lists similar

6    factors, stating that "[t]he convenience and availability of witnesses, absence of jurisdiction

7    over all necessary or desirable parties, possibility of consolidation with related litigation, or

8    considerations relating to the interest of justice must be evaluated to ensure the case receives

9    attention in the most appropriate forum."  Micron Tech., 518 F.3d at 904-05.  Here, an analysis

10   of the relevant factors does not show this district to be the more convenient forum.

11          **A.      Interest of Justice**

12          First, the Court considers MPT's primary argument: that this Court's previous and

13   contemporaneous experience with the patents in suit favor retention under the "interest of

14   justice" factor.  (Opp. at 8.)  MPT points out that the Court has presided over cases involving

15   the patents in suit.  The '226 Patent was involved in Case No. 07cv2000; the '878 Patent was

16   involved in Case No. 06cv0684; the '678 Patent was involved in Case No. 07cv0747.

17   Additionally, the Court has a pending case, CAB Multimedia Patent Trust v. DirecTV et al.,

18   09cv0278, involving all of the four patents in suit.  However, the Federal Circuit has held that

19   a court's prior experience with the patents in suit does not favor it as a forum in the absence

20   of "ongoing litigation requiring consolidation."  Micron Tech., 518 F.3d at 905.  Here, MPT

21   has made no arguments concerning the consolidation of this case with No. 09cv0278, which

22   involves different defendants and different accused products.

23          **B.      Convenience of Witnesses & Parties**

24          The convenience of the witnesses – especially third party witnesses – is very important

25   in any analysis of the Section 1404 convenience factors.  A party may compel the testimony

26   of its employees at trial.  STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal.

27   1988).  For non-party witnesses, the Court's subpoena power extends to anywhere within the

28   district and one hundred miles of the place of trial.  Fed. R. Civ. P. 45(b)(2).  For these reasons,

courts frequently state that the convenience of third party witnesses is more important than that of party witnesses.  See, e.g., HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n.2 (1999) (stating that the location of employees "is not as important a factor as it would be if they were not under the [party's] control"); Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("the convenience of non-party witnesses is a more important factor than the convenience of party witnesses").

Here, Tandberg has shown that litigating in the District of Delaware would be more convenient for its witnesses.  Tandberg is a Delaware corporation with its principal place of business in Reston, VA.  (Peri Decl. ¶ 2.)  Tandberg's corporate parent, Tandberg ASA, maintains a headquarters in New York, New York.  (Id. ¶ 4.)  Especially relevant to this case is the fact that all U.S. marketing and sales of Tandberg's allegedly infringing video conferencing products is overseen from Reston and New York.  (Id. ¶ 5.)  Tandberg witnesses coming from either location would obviously find it easier to litigate in Delaware.

Additionally, Tandberg has introduced evidence showing that certain third party witnesses are closer to Delaware than California.  Tandberg's pre-trial disclosures identify thirteen potential witnesses, nine of whom are within the subpoena radius of the Delaware court.  (Kyle Decl. in Opp. to MTD ["Kyle Decl."] Ex. 10.)  Additionally, four of the six named inventors of the '337 Patent reside in New Jersey within the subpoena radius of the Delaware Court.  (Coughlan Decl. ¶¶ 3-6; Ex. B.)  Tandberg submits additional evidence suggesting that other individuals involved in the prosecution of the '377 and '678 Patents are also located within that 100 mile radius.  (Id. ¶¶ 7-10; Ex. B.)  MPT responds that three other inventors of the patents in suit are located in Washington and California, but these inventors are still hundreds of miles from this Court and would not be subject to court subpoena under Rule 45. (Opp. at 11; Kyle Decl. Ex. 10.)

Next, the Court considers the convenience of the parties.  MPT argues that this factor is neutral.  (Opp. at 10.)  The Court disagrees.  For the same reasons discussed above, it appears that litigating in Delaware would be more convenient for Tandberg, and MPT has not shown why the Southern District of California is more convenient for it and its witnesses.

While the evidence regarding the locations of witnesses and parties might not be sufficient to compel a transfer to the District of Delaware under Section 1404, it clearly does not show this district to be more convenient warranting retention.

**C.     Other Factors**

The parties briefly discuss other factors that the Court concludes are neutral or deserve little weight.  MPT argues that the Court should defer to its choice of forum.  A plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its "home forum."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981).  However, in this case, Plaintiff is a Delaware statutory trust that has not chosen its home forum. (Peri Decl. ¶ 2.)  Courts may also consider the facts of the case in determining how much deference to give the plaintiff's choice.  See Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (considering whether "the operative facts" "occurred within the forum of original selection" and whether that forum had any "particular interest in the parties or the subject matter").  The Ninth Circuit directs courts to consider the relationship between the forum and the plaintiff's claims when deciding whether to transfer a case under 28 U.S.C. § 1404.  Jones, 211 F.3d at 498-99.  MPT has introduced evidence that Tandberg has provided its allegedly infringing technology to customers in California, including the City of San Diego and San Diego State University. (Kyle Decl. Ex. 6, 7.)  However, this showing is insufficient to establish that this forum has a "particular interest in the parties or the subject matter" that might warrant an exception to the first-to-file rule.  Pacific Car, 403 F.2d at 954.  The Court concludes that this factor is neutral at best; Tandberg was first to file, and its choice of forum deserves at least as much weight as MPT's.

The parties also address the locations of documents and other evidence relevant to this action.  However, with the availability of modern photocopying and electronic document transmittal technology, this factor is less relevant.  As the parties are large technology companies, they should have no difficulty conducting discovery regardless of document location.  Accordingly, the Court concludes that this factor is neutral and gives it little weight. ///

09cv1377

1       Finally, the parties compare this Court's caseload to that of the Delaware court.  (Opp.

2   at 9; Reply at 8.)  In that regard, MPT acknowledges that both courts "move at virtually the

3   same speed" from filing to trial.  (Opp. at 10.)  Therefore, the Court concludes that this factor

4   is neutral.

5       Because MPT has not shown that the Southern District of California is a more

6   convenient forum warranting a departure from the general first-to-file rule, the Court concludes

7   that Defendant's request for dismissal is warranted.

8                                    **Conclusion**

9       Accordingly, the Court grants Defendant's motion and dismisses this case without

10  prejudice in favor of the earlier filed Delaware action.[2]

11      **IT IS SO ORDERED.**

12  DATED: November 12, 2009

13                                      _____

14                                      MARILYN L. HUFF, District Judge
                                        UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28      [2] If, upon further reflection, the Parties would like to stipulate to remain before this
    Court, the Court will entertain a joint motion to consolidate this case with Multimedia Patent
    Trust v. DirecTV et al., 09cv0278.

                                        - 8 -                                    09cv1377